IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CHRISTY BARKER and DEANNA CLAPPER, on behalf of themselves and others similarly situated,** | )<br>)  CASE NO.<br>)<br>) |
| Plaintiffs, | )  **COLLECTIVE ACTION**<br>)  **COMPLAINT**<br>) |
| v. | )  **JURY TRIAL DEMANDED**<br>) |
| **STARK COUNTY, OHIO** | )<br>) |
| Defendant. | ) |

Plaintiffs, Christy Barker and Deanna Clapper, by and through counsel, and for their Complaint against Defendant Stark County, Ohio, state and allege the following:

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and other similarly situated employees, for all overtime hours worked and/or failing to pay overtime at the proper regular rate, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is in this District and Division.

4. At times relevant herein, Plaintiffs Christy Barker and Deanna Clapper were citizens of the United States and residents of Stark County, Ohio. Plaintiffs' Consent to Join Forms are attached hereto as **Exhibit A**.

5. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e)(2)(C).

6. As a County, which is a political subdivision of the State of Ohio, Defendant is a public agency within the meaning of 29 U.S.C. § 203(x).

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(C).

9. At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

11. Defendant is a political subdivision of the State of Ohio and a body politic and corporation capable of being sued pursuant to Ohio Revised Code § 301.22.

12. The Stark County Sheriff, George T. Maier, is a Stark County, Ohio elected official charged with preserving the public peace. Among other things, Sheriff Maier provides jail security, as well as operations and confinement of prisoners at the Stark County Jail. He also administers the Stark County Sheriff's Office and is responsible for the Stark County Sheriff's Office's hourly employees, including the terms and conditions of their employment.

13. At all times material to this Complaint, Plaintiff Clapper worked as an hourly Corrections Officer at the Stark County, Ohio jail. Plaintiff Clapper is and was at all relevant times non-exempt from the overtime obligations imposed by the FLSA.

14. Other similarly situated employees were employed by Defendant as hourly, non-exempt, Corrections Officers at the Stark County Jail.

15. Plaintiff Barker was employed by Defendant as a Trustee Coordinator and, as such, was an hourly worker classified as non-exempt from the overtime obligations imposed by the FLSA.

16. Plaintiffs were and/or are Deputy Sheriffs.

17. Plaintiffs and other similarly situated employees worked forty (40) or more hours per workweek during the three years preceding the filing of the Complaint.

18. Plaintiffs and other similarly situated employees were paid on an hourly basis and were classified as non-exempt from the FLSA's overtime obligations.

**(Failure to Pay For "Pass Down" Time-Correction Officers)**

19. Plaintiff Clapper and other similarly situated Deputy Sheriff Correction Officers were required to arrive before their scheduled shift and/or stay after their scheduled shift for "pass down", which involves several shift-change duties.

20. Plaintiff Clapper and other similarly situated workers were not paid any amount for the pre-shift and/or post-shift "pass down" work, and such time was not counted as hours worked for purposes of computing overtime.

21. Plaintiff Clapper and other similarly situated employees performed this unpaid work routinely, and it constituted a part of their fixed and regular working time.

22. There was no practical administrative difficulty in recording this unpaid work of Plaintiff and other similarly situated employees.

23. This unpaid work performed by Plaintiff Clapper and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff Clapper and other similarly situated employees.

25. Defendant knowingly and willfully failed to pay Plaintiff Clapper and other similarly situated employees for time spent performing pre-shift and post-shift "pass down" duties.

**(Failure to Include Perfect Attendance Bonuses In Regular Rate)**

26. Plaintiffs Clapper and Barker both earned non-discretionary Perfect Attendance Bonuses, which were both guaranteed in fact and amount.

27. Plaintiffs Clapper and Barker both worked overtime during the period in which the non-discretionary Perfect Attendance Bonuses were earned.

28. Pursuant to 29 C.F.R. § 778.211 "[a]ttendance bonuses….[m]ust be included in the regular rate of pay."

29. Defendant Stark County, Ohio failed to include the non-discretionary Perfect Attendance Bonuses in Plaintiffs Clapper and Barker's regular rate for purposes of computing overtime pay due to Plaintiffs Clapper and Barker.

30. By failing to include the non-discretionary Perfect Attendance Bonuses when calculating Plaintiffs Clapper and Barker's regular rate, Defendant Stark County, Ohio

underpaid Plaintiffs Clapper and Barker overtime.

31. Non-exempt hourly employees of the Stark County Sheriff's Office similarly situated to Plaintiffs likewise received Perfect Attendance Bonuses, which were not included in their regular rate of pay. This resulted in such similarly situated non-exempt hourly employees being underpaid overtime in violation of the FLSA.

**(Failure to Include Medical Opt Out Bonuses In Regular Rate)**

32. Plaintiff Clapper received $100 per month Medical Opt Out Bonuses for opting-out of Stark County, Ohio's medical insurance plan.

33. Medical Opt Out bonuses were not made to a trustee or third party.

34. Defendant Stark County, Ohio failed to include the Medical Opt Out bonuses in Plaintiffs Barker's regular rate for purposes of computing overtime pay due to Plaintiff Barker.

35. By failing to include the non-discretionary Medical Opt Out payments when calculating Plaintiff Barker's regular rate, Defendant Stark County, Ohio underpaid Plaintiff Barker overtime.

36. Non-exempt hourly employees of the Stark County Sheriff's Office similarly situated to Plaintiff Barker likewise received Medical Opt Out bonuses, which were not included in their regular rate of pay. This resulted in such similarly situated non-exempt hourly employees being underpaid overtime in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS
(Failure to Pay for "Pass Down" Time)

37. Plaintiff Clapper brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's failure to pay for "pass down" time.

38. The class which Plaintiff Clapper seeks to represent and for whom Plaintiff Clapper seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff Clapper herself is a member, is composed of and defined as:

> All former and current hourly Corrections Officers employed by Defendant at any time during the period measured from three years preceding the filing of the Complaint and continuing through the resolution of this matter (the "Pass Down Class").

39. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff Clapper, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff Clapper is representative of those other employees and are acting on behalf of their interests, as well as her own, in bringing this action.

40. Specifically, Plaintiff Clapper and the Pass Down Class performed certain pre-shift and post-shift "pass down" duties, which time was unpaid and not counted as hours worked. This resulted in Plaintiff Clapper and the Pass Down Class being underpaid for overtime hours they worked in violation of the FLSA.

41. The members of the putative Pass Down Class are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS
(Perfect Attendance Bonuses)

42. Plaintiffs Clapper and Barker bring Count Two of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

43. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as:

> All former and current hourly workers employed by Defendant by the Stark County Sheriff's Office who received a Perfect Attendance Bonus at any time during the period measured from three years preceding the filing of the Complaint and continuing through the resolution of this matter (the "Perfect Attendance Bonus Class").

44. Specifically, Plaintiffs Clapper and Barker and the Perfect Attendance Bonus Class members received Perfect Attendance Bonuses within the last three years. They worked overtime during the period in which the Perfect Attendance Bonuses were earned. The Perfect Attendance Bonuses were not included in the Plaintiffs and the Perfect Attendance Bonus Class members' regular rate for purposes of determining overtime compensation owed. Defendant's failure to do so resulted in Plaintiffs and the Perfect

Attendance Bonus Class members being underpaid overtime in violation of the FLSA.

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

46. The members of the Perfect Attendance Bonus Class are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### COLLECTIVE ACTION ALLEGATIONS
(Medical Opt-Out Bonuses)

47. Plaintiff Barker brings Count Three of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

48. The class which Plaintiff Barker seeks to represent and for whom Plaintiff Barker seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff Barker herself is a member, is composed of and defined as:

> All former and current hourly workers employed by Defendant by the Stark County Sheriff's Office who received a Medical Opt Out payment at any time during the period measured from three years preceding the filing of the Complaint and

8

continuing through the resolution of this matter (the "Medical Opt Out Bonus Class").

49. Specifically, Plaintiff Barker and the Medical Opt Out Bonus Class members received Medical Opt Out payments within the last three years. They worked overtime during the period in which the Medical Opt Out payments were earned. The Medical Opt Out payments were not included in the Plaintiff Barker and the Medical Opt Out Bonus Class members' regular rate for purposes of determining overtime compensation owed. Defendant's failure to do so resulted in Plaintiff Barker and the Medical Opt Out Bonus Class members being underpaid overtime in violation of the FLSA.

50. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff Barker, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff Barker is representative of those other employees and are acting on behalf of their interests, as well as her own, in bringing this action.

51. The members of the Medical Opt Out Bonus Class are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Violation of the FLSA – Failure to Pay "Pass Down" Time)**

52. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

53. Defendant's practice and policy of not paying Plaintiff Clapper and other similarly situated employees for "pass down" work violated the FLSA.

54. Defendant's practice and policy of not paying Plaintiff Clapper and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA.

55. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff Clapper and other similarly situated employees violated the FLSA, 29 CFR 516.2(a)(7).

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

57. As a result of Defendant's practices and policies, Plaintiff Clapper and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(FLSA Violation – Failure to Include Perfect Attendance Bonuses In Regular Rate)**

58. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

59. Defendant's practice and policy of not paying Plaintiffs and other similarly

situated employees at the proper overtime rate violated the FLSA.

60. Defendant's practice and policy of not including Perfect Attendance Bonus payments in Plaintiffs and the Perfect Attendance Bonus Class members' regular rate violated the FLSA.

61. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

62. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT THREE
**(FLSA Violation – Failure to Include Medical Opt Out Bonus In Regular Rate)**

63. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

64. Defendant's practice and policy of not paying Plaintiff Barker and the Medical Opt Out Bonus Class members at the proper overtime rate violated the FLSA.

65. Defendant's practice and policy of not including the Medical Opt Out Bonus payments in Plaintiff Barker and the Medical Opt Out Bonus Class members' regular rate violated the FLSA.

66. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

67. As a result of Defendant's practices and policies, Plaintiff Barker and other similarly situated employees have been damaged in that they have not received wages due

to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the collectives they represent actual damages for unpaid overtime compensation;

D. Award Plaintiffs and the collectives they represent liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs and the collectives;

E. Award Plaintiffs and the collectives they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the collectives they represent attorneys' fees and costs; and,

G. Award Plaintiffs and the collectives they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: 614-824-5770
Fax: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Hans A. Nilges*
Hans A. Nilges