# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Christy Barker, et al., | ) | CASE NO: 5:19CV276 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Stark County, Ohio, et al., | ) | |
| | ) | (Resolving Docs. 17 and 21) |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by the Defendant George Maier (Doc. 17) and a motion for conditional certification filed by Plaintiffs Christy Barker and Deanna Clapper (Doc. 21). Both motions have been fully briefed. The motion to dismiss is DENIED. The motion for conditional certification is GRANTED.

**I.   Motion to Dismiss**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted

rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Defendant seeks to dismiss counts two and three of the complaint. More specifically, Defendant contends that he properly excluded perfect attendance and medical opt-out bonuses from the employees' regular rates of pay. In support, Defendant relies heavily on the Sixth Circuit's decision in *Featsent v. Youngstown*, 70 F.3d 900 (6th Cir. 1995). Defendant relies on *Featsent*'s following holding:

> With respect to bonuses for the absence of medical claims and the nonuse of sick leave, we disagree with the District Court's conclusion that these bonuses may not be excluded from the regular rate. These payments are unrelated to the police officers' compensation for services and hours of service.7 Moreover, awards for nonuse of sick leave are similar to payments made when no work is performed due to illness, which may be

2

> excluded from the regular rate. See 29 U.S.C. § 207(e)(2). Thus, bonuses for the absence of medical claims and nonuse of sick leave may be excluded from the regular rate.

*Id.* at 905. Defendant effectively asserts that "the absence of medical claims and the nonuse of sick leave" are the equivalent of the bonuses at issue here – perfect attendance and medical opt-outs. While the bonuses at issue herein may share some similarities with those at issue in *Featsent*, they are not identical. In fact, a court within this Circuit found that attendance bonus claims could move forward, even after analyzing *Featsent*. *See White v. Publix Super Markets, Inc.*, No. 3:14-CV-1189, 2015 WL 4949837, at *6 (M.D. Tenn. Aug. 19, 2015) ("The FLSA requires attendance bonuses to be included in the regular rate of pay. 29 C.F.R. § 778.211(c)."). Accordingly, given the stage of the proceedings – a motion to dismiss – and the precedent that suggests the ultimate viability of Plaintiffs' claims may require a fact intensive inquiry, the motion to dismiss is DENIED.

## II. Motion for Conditional Certification

The statutory standard for bringing a collective action under the FLSA requires opt-in plaintiffs to be "similarly situated," and does not ordinarily rely on any assessment of the merits of the case. *Creely v. HCR ManorCare, Inc.*, 789 F.Supp.2d 819, 826 (N.D. Ohio 2011). Opt-in plaintiffs need not be identical, but the plaintiff has the burden of showing that the putative class is similarly situated with regard to the claims asserted. *Id*. at 823. The plaintiff further bears the burden of demonstrating the existence of a common policy or practice that affects all the collective members. *Harrison v. McDonald's Corp*., 411 F.Supp. 2d 862, 868 (S.D. Ohio 2005).

Courts have adopted a two-stage process for determining whether an FLSA action should proceed as a collective action. *See, e.g., Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 547 (6th Cir. 2006). At the initial notice stage the Court "determine[s] whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Heibel v. U.S. Bank Nat'l Assoc*., No. 2:11-cv-593, 2012 WL 4463771, at *2 (S.D. Ohio Sept. 27, 2012). During this part of the process, the Court determines based on the complaint and its factual allegations, whether there is a colorable basis for the claim that the putative class is "similarly situated" with regard to plausibly alleged claims. If so, the Court generally permits opt-in notification and additional discovery. The requirement that Plaintiff present some factual allegations is not a stringent standard, but it is more than a mere formality. *See, Nogueda v. Granite Masters, Inc.*, No. 2:09-CV-374, 2010 WL 1521296, *2-3, 2010 U.S. Dist. LEXIS 37657, *6 (N.D. Ind. Apr. 14, 2010).

Defendant opposes the motion on numerous grounds. First, Defendant appears to contest that because not every Plaintiff or opt-in Plaintiff alleges damage related to all three alleged violations, they are too dissimilar to allow certification. Defendant further attacks the merits of Plaintiffs' claims related to pass-down time. The Court finds no merit in either argument.

"[A] plaintiff cannot conditionally certify a class unless they have demonstrated that they, themselves, have a viable FLSA claim, that the alleged illegal practices are companywide, and that, therefore, other workers are similarly situated with regard to the claims set forth in the complaint." *Shell v. Pie Kingz, LLC*, 415 F. Supp. 3d 769, 772–73 (N.D. Ohio 2019)(citations omitted). Plaintiffs have made factual assertions that support

4

viable FLSA claims. Plaintiffs have also alleged that companywide practices led to their claims. Accordingly, the Court finds that Plaintiffs have met their modest burden to allow for conditional certification. The motion for conditional certification is GRANTED.

Notice of this action shall be sent by United States mail to (1) all current and former hourly Corrections Officers employed by Defendant at any time during the period measured from three years preceding the filing of the Complaint and continuing through the resolution of this matter; (2) all current and former hourly workers at the Stark County Sheriff's Office who received a Perfect Attendance Bonus at any time during the period measured from three years preceding the filing of the Complaint and continuing through the resolution of this matter; and (3) all former and current hourly workers employed at the Stark County Sheriff's Office who received a Medical Opt-Out payment at any time during the period measured from three years preceding the filing of the Complaint and continuing through the resolution of this matter.

Within 14 days of this order, the parties shall jointly submit a proposed Notice informing current and former employees of the pendency of this collective action and permitting them to opt into the case by signing and submitting a Consent to Join Form. Within 14 days of this order, Defendant shall provide a Roster of such present and former employees that includes their full names, their dates of employment, and their last known home addresses and personal email addresses. Notice, in the form approved by the Court, shall be sent to such present and former employees within 30 days using the home and email addresses listed in the Roster. Duplicate copies of the Notice may be sent in

the event new, updated, or corrected mailing addresses or email addresses are found for one or more of such present or former employees.

IT IS SO ORDERED.


March 18, 2020                                     /s/ *Judge John R. Adams*
Date                                               JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT