## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval, Defendant George T. Maier, in his official capacity as the Stark County Sheriff, ("Defendant"), Plaintiffs Christy Barker and Deanna Clapper, ("Representative Plaintiffs") individually, and on behalf of the Eligible Settlement Participants (defined below), and the Stark County Board of Commissioners ("County"), voluntarily enter into this Settlement Agreement and Release (this "Agreement") to settle all claims and issues as set forth more fully below. The Representative Plaintiffs, the County, and Defendant will be collectively referred to as the "Parties".

## BACKGROUND AND RECITALS

1.      Representative Plaintiffs filed Northern District of Ohio Case No. 5:19-cv-00276 on February 5, 2019, styled *Barker, et al., v. George T. Maier, Stark County Sheriff, in his Official Capacity* ("the Action").   In the Action, Representative Plaintiffs asserted claims against Defendant on behalf of themselves and others similarly situated under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*

2.      Defendant filed an Answer and denied, and continues to deny, the allegations asserted in the Action.

3.      To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in settlement discussions.

4.      Plaintiffs' Counsel engaged the services of a Ph.D. economist to construct an alleged damages model using the information produced by Defendant.

5.      As of the date of this Agreement, six Opt-In Plaintiffs have joined this case, including Representative Plaintiffs.

6.      The Parties settled this case after engaging in settlement discussions based on pay data and the economist's calculations.  The terms of that agreement are embodied herein.

7.      The purpose of this Agreement is to fully and finally settle Representative Plaintiffs' Released Claims (as defined below) and all Released Claims (as defined below) that Claimants (as defined below) may have against the Released Parties (as defined below)

## DEFINITIONS

8.      "Approval Order" means the Court's Order approving this Settlement.

9.      "Claimant" means Representative Plaintiffs, Opt-In Plaintiffs, and each Eligible Settlement Participant who completes, signs, and submits a valid and timely Claim Form. Representative Plaintiffs and the Opt-In Plaintiffs are not required to submit a Claim Form to receive their Settlement Award checks or any other payment under this Agreement.

10.     "Claim Form" means the form approved by the Parties' Counsel, and subject to Court approval, that each Eligible Settlement Participant, except for the Representative Plaintiffs and the Opt-In Plaintiffs, must sign, complete in full, and timely submit within sixty (60) days following mailing of the Notice of Settlement to recover a Settlement Award.  A copy of the Claim Form is included in **Exhibit A.**

11.     "Court" means the United States District Court for the Northern District of Ohio.

12.     "Covered Period" refers to the period from January 1, 2017 through the date of the Approval Order.

13.     "Defendant's Counsel" means attorneys Michele Jakubs, Scott DeHart, and Jessica Logothetides.

14. "Effective Date" means the first day after the date on which the Court enters the Approval Order.

15. "Eligible Settlement Participants" means all current and former hourly Corrections officers employed by Defendant between January 1, 2017 and April 4, 2020; all current and former hourly workers employed by Defendant who received a Perfect Attendance Bonus between January 1, 2017 and April 4, 2020; and all former and current hourly workers employed by Defendant who received a Medical Opt-Out payment between January 1, 2017 and April 4, 2020. Eligible Settlement Participants are a group of 339 individuals who meet one or more of these definitions, and are listed in **Exhibit B**.  Eligible Settlement Participants include the Representative Plaintiffs and the Opt-In Plaintiffs.

16. "Global Settlement Fund" means the gross settlement amount of $106,000.00.  The Global Settlement Fund is the sole and maximum payment by the Defendant and includes (1) all Settlement Awards (defined below); (2) any Service Payment approved for Representative Plaintiffs; (3) the costs of the Settlement Administrator; and (4) all Plaintiffs' Counsel's reasonable fees and costs approved by the Court. In addition, Defendant will make all required employer contributions with respect to any portions of the Settlement Awards treated as wages under Internal Revenue Service ("IRS") Form W-2, and these contributions will not be deducted from the Global Settlement Fund.

17. "Net Settlement Fund" means the amount available for individual Settlement Awards, after deducting Service Awards to the Representative Plaintiffs, the costs of the Settlement Administrator, and all attorneys' fees, costs, and expenses.

18. "Notice of Settlement" means the form approved by the Parties' Counsel, and subject to Court approval, that will be sent to each Eligible Settlement Participant, except for the Representative Plaintiffs and the Opt-In Plaintiffs, which will explain this Settlement and the claims process and provides each Eligible Settlement Participant with the amount of his or her Settlement Award. A copy of the Notice of Settlement is included in **Exhibit A**.

19. "Opt-In Plaintiffs" means the individuals who, as of the date of this Agreement, have filed a Consent to Join form in this Action. A list of Opt-In Plaintiffs is attached as **Exhibit C**.

20. "Plaintiffs' Counsel" means Christopher J. Lalak and Hans A. Nilges of the law firm of Nilges Draher LLC.

21. "Released Claims" has the meaning ascribed to that term in paragraph 52 of this Agreement.

22. "Released Parties" means Defendant George T. Maier, in his official capacity as Stark County Sheriff, George T. Maier in his individual capacity, the Stark County Sheriff's Office, Stark County, Ohio, and the Stark County Board of County Commissioners, along with all of their respective officers, directors, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates thereof, and otherwise related entities and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors and heirs

23. "Settlement" means the Parties' resolution of the Action as to Representative Plaintiffs, Opt-in Plaintiffs, and the Claimants.

24. "Settlement Administrator" means Analytics, LLC.

25.     "Settlement Administrator Costs" means all settlement administration fees, expenses, and costs incurred by the Settlement Administrator directly or indirectly related to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Global Settlement Fund and Net Settlement Fund, and those duties related to notice, check cutting and mailing, reports to counsel, court filings, legal and accounting advice relating to the establishment of the Net Settlement Fund and tax treatment and reporting of awards to Eligible Settlement Participants, preparation of tax returns (and the taxes associated with such tax returns as defined below), calculating Settlement Awards, and any other related duties.

26.     "Settlement Award" means the amount of the Net Settlement Fund calculated under Paragraph 46 of this Agreement that will be paid to each Eligible Settlement Participant who becomes a Claimant.

27.     "Service Award" means the payment made from the Global Settlement Fund to Representative Plaintiffs for their services in bringing and prosecuting the Action, and in consideration for Representative Plaintiffs' Released Claims as defined below.

## DENIAL OF LIABILITY

28.     Defendant denies liability or wrongdoing of any kind associated with the claims alleged in the Action. Consequently, this Agreement is a compromise, and shall not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendant or the Released Parties, for any purpose, and under any circumstance. This Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement. The Parties do not

concede any claims or defenses that were, or could have been, raised in the Action; rather, they merely negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense.

## CERTIFICATION OF THE COLLECTIVE

29.     For purposes of this Settlement only, the Parties agree that Representative Plaintiffs and the Eligible Settlement Participants are similarly situated under 29 U.S.C. § 216(b) of the FLSA.   The Parties agree to the conditional certification under 29 U.S.C. § 216(b) of the FLSA of the class of Eligible Settlement Participants.

## DUTIES OF THE PARTIES TO COOPERATE TO OBTAIN COURT APPROVAL OF THE SETTLEMENT

30.     The Parties will fully cooperate with each other and use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts ordered by the Court, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain approval of this Settlement without material modifications and to implement its terms.

## ATTORNEYS' FEES AND COSTS

31.     Plaintiffs' Counsel will seek an order from the Court approving the payment of their fees for services, not to exceed 33 1/3% of the Global Settlement Fund and litigation expenses. Defendant will not contest this application. Any attorneys' fees and litigation expenses approved by the Court will be paid from the Global Settlement Fund. This Settlement is not conditioned upon the Court's approval of Plaintiffs' Counsel's petition for fees and litigation expenses in any amounts, and any amounts not approved by the Court will revert to the Net Settlement Fund for inclusion in the Settlement Award.   Defendant will wire the Settlement

Administrator the amount of the Court-approved attorneys' fees and litigation expenses **fourteen (14) days** after the Effective Date. The Settlement Administrator will wire Plaintiffs' Counsel's Court-approved attorneys' fees and litigation expenses **twenty-one (21) days** after the Effective Date.

## SERVICE AWARD

32.     Plaintiffs' Counsel will seek an Order from the Court approving Service Awards for the Representative Plaintiffs in the amount of $2,500.00 each.  Defendant will not contest this application.  The Service Awards approved by the Court will be paid from the Global Settlement Fund.  This Settlement is not conditioned upon the Court's approval of the Service Awards and any amount not approved by the Court will revert to the Net Settlement Fund for inclusion in the Settlement Award.  For tax purposes, the Parties agree the Service Award will be taxable, non-wage income reported on IRS Form 1099. Defendant will wire the Settlement Administrator the amount of the Court-approved Service Awards **fourteen (14) days** after the Effective Date. The Settlement Administrator will mail Representative Plaintiffs' Court-approved Service Award **twenty-one (21) days** after the Effective Date.

## SETTLEMENT ADMINISTRATOR'S DUTIES AND RESPONSIBILITIES

33.     The Parties agree to retain a Settlement Administrator responsible for:

a.      Establishing a Global Settlement Fund as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.*;

b.      Issuing all funds from the Global Settlement Fund;

c.      Determining and finalizing the Settlement Awards and the tax withholding amounts and employer payroll tax amounts for Claimants, as applicable;

d.      Preparing, printing, and disseminating the Notice of Settlement to all Eligible Settlement Participants;

e.      Promptly apprising the Parties' counsel of the activities of the Settlement Administrator, timely responding to inquiries of the Parties or their counsel, and copying the Parties' counsel on material correspondence;

f.      Mailing Settlement Award checks (or other negotiable instrument) to all Claimants;

g.      Wiring Plaintiffs' Counsel's attorneys' fees and costs;

h.      Mailing the Service Award to Representative Plaintiffs;

i.      Reissuing and remailing Settlement checks to Claimants who do not receive or misplace their Settlement Award checks;

j.      Mailing reminder postcards to Claimants who have not cashed their Settlement Award checks **sixty (60) days** before the check void date and **thirty (30) days** before the check void date;

k.      Issuing IRS Forms W-2, 1099, and W-9 (if required) for all payments to each Claimant;

l.      Ascertaining current addresses and addressees' information for each Notice of Settlement and Settlement Award check returned as undeliverable;

m.      Referring to Plaintiffs' Counsel all inquiries by Eligible Settlement Participants the Settlement Administrator cannot resolve and/or which involve

DocuSign Envelope ID: A5DDCE0E-0BE4-48AA-90EB-BCEEE70CJ974

matters not within the Settlement Claim Administrator's duties specified in this Agreement;

n.    Promptly notifying the Parties' Counsel of any material requests or communications made by any Eligible Settlement Participant who receives the Notice of Settlement;

o.    Maintaining adequate records of its activities, including the date of the mailing of the Notices of Settlement, receipt of returned mail, and other communications and attempted communications with Eligible Settlement Participants, and providing the Parties' counsel with weekly reports regarding the same;

p.    Confirming, in writing to the Parties' counsel its completion of the administration of this Settlement and retaining copies of all endorsed Settlement checks;

q.    Processing the reversion of any unclaimed settlement funds to Defendant in accordance with this Agreement; and

r.    Such other tasks as customarily and regularly performed by a settlement administrator and as the Parties mutually agree.

34.    Settlement Administrator Costs shall be paid from the Gross Settlement Fund. Prior to the submission of this Agreement for Court Approval, the Parties shall obtain from the Settlement Administrator a written estimate of all costs and fees for the services of the Settlement Administrator.  The Settlement Administrator shall agree not to exceed the estimate.

## SETTLEMENT ADMINISTRATION TIMELINES

35.     **Within fourteen (14) days** of the Effective Date, Defendant shall provide the Settlement Administrator with an Excel spreadsheet listing the names, social security numbers, last known addresses, and dates of employment for the Eligible Settlement Participants during the Covered Period, as that information exists in Defendant's records. The Settlement Administrator shall attempt to confirm the accuracy of the Eligible Settlement Participants' addresses through the United States Post Office's National Change of Address database and shall mail the Notice of Settlement to any updated address obtained therefrom.

36.     Within **twenty-eight (28) days of the Effective Date**, the Settlement Administrator will calculate the Settlement Award for each Eligible Settlement Participant under the formula in Paragraph 46 of this Agreement.  The Settlement Administrator will furnish its calculation to the parties, including the amounts of any required employer contributions with respect to any portions of the Settlement Awards treated as wages under IRS Form W-2.

37.     Within **forty (40) days of the Effective date**, the Settlement Administrator shall mail to all Eligible Settlement Participants, except for the Representative Plaintiffs and the Opt-In Plaintiffs, the Notice of Settlement, Claim Form, and an enclosed, postage-paid return envelope. If any Notice of Settlement is returned as undeliverable, the Settlement Administrator will promptly attempt to locate such Eligible Settlement Participant through other reasonable and legally acceptable means, and, if located, shall promptly mail an additional Notice of Settlement to such person.

## THE CLAIMS PROCESS AND PAYMENT OF CLAIMANT'S SETTLEMENT AWARDS

38.     Each Eligible Settlement Participant shall have **sixty (60) days** from the date Notice of Settlement is initially mailed under Paragraph 37 of this Agreement to submit his or her signed and completed Claim Form, and any such submission must be postmarked, e-mailed, or facsimiled on, or before, the sixtieth (60th) day from the date of initial mailing.   If the Settlement Administrator sends an additional Notice of Settlement to an Eligible Settlement Participant as set forth in paragraph 37 of this Agreement, such Eligible Settlement Participant shall have thirty (30) days from the date the additional Notice of Settlement is initially mailed, or sixty (60) days from the date the initial Notice of Settlement is mailed, whichever is longer, to submit his or her signed and completed Claim Form in the manner specified in this paragraph The Representative Plaintiffs and the Opt-In Plaintiffs are not required to submit a Claim Form to receive their Settlement Award checks or any other payment under this Agreement.

39.     The Settlement Administrator shall notify the Parties when the time has expired for the submission of all Claim Forms under paragraphs 37 and 38.   Plaintiff's Counsel shall file with the Court the signed consent forms for all Claimants within **fourteen (14) days** of the date that the Settlement Administrator gives this notice.   The parties agree to seek leave of Court to file the consent forms under seal.

40.     In the event the Settlement Administrator receives a late Claim Form, Settlement Administrator shall notify Defendant's Counsel.   Defendant shall have five (5) business days to determine whether to allow the individual to participate in the Settlement.

41.     Within **fourteen (14) days from the date that the Claim Forms are filed with the Court**, Defendant shall wire the amount determined under paragraph 36 into the bank account designated by the Settlement Administrator.

DocuSign Envelope ID: A5DDGE9E-DBE4-48AA-99E5-B6EEE70C1974

42.     Within **fourteen (14) days from the date Defendant wires the funds to the Settlement Administrator under paragraph 41,** the Settlement Administrator shall mail to Claimants their Settlement Awards. If possible, the Settlement Administrator will issue each Claimant one single check representing the total amount of his or her Settlement Award by combining the wage and non-wage portions of his or her Settlement Award.

43.     The Settlement Administrator will provide the Parties' Counsel with a list of all of the Claimants and their Settlement Awards no later than **seven (7) days** after the Settlement Awards are mailed to Claimants.

## GLOBAL SETTLEMENT FUND AND TAXES

44.     The Parties recognize the wage and non-wage awards to the Claimants will be subject to applicable tax withholding and reporting and employer payroll taxes. The Settlement Administrator shall calculate the employer's share of payroll taxes related to Settlement Award payments treated as wage income and, Defendant will, as directed by the Settlement Administrator, deposit into an interest-bearing bank account opened by the Settlement Administrator a payment separate from the Global Settlement Fund to pay the employer's share of payroll taxes related to Settlement Award payments treated as wage income.

45.     The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and shall pay from the Global Settlement Fund any and all taxes, as well as any other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

## CALCULATION OF SETTLEMENT AWARDS

46. The Settlement Administrator shall determine the amount of each Eligible Settlement Participant's Settlement Award, which shall be his or her *pro rata* share of the Net Settlement Fund based on the number of workweeks worked by the Eligible Settlement Participant during the Covered Period in comparison to the total number of workweeks worked by all Eligible Settlement Participants during the Covered Period.

47. In the event of any dispute over an Eligible Settlement Participant's dates of employment, the Parties will meet and confer in good faith to resolve the dispute. Defendant's records shall control any dispute under this Paragraph and will have a rebuttable presumption of correctness.

## TAX TREATMENT OF THE SETTLEMENT AWARDS

48. For tax purposes, the Parties agree Settlement Awards will be: (a) 50 percent taxable, wage income paid under IRS Form W-2 and subject to ordinary payroll withholdings under federal and state law; and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. Defendant will make all required employer contributions with respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts will not be deducted from the Global Settlement Fund.

## REMAINDER OF THE GLOBAL SETTLEMENT FUND

49. Any funds from the Global Settlement Fund that are not distributed under the terms of this Agreement shall revert to Defendant, and this Agreement shall remain binding on all of the Claimants.

50. All Settlement Award checks that are not negotiated by a Claimant within **one-hundred eighty (180) days** of date issuance or reissuance, as noted on the Settlement Award

checks mailed by the Settlement Administrator to the Claimants, shall be null and void; the associated funds shall not be redistributed among the Claimants, any such funds shall revert to Defendant, and this Agreement shall remain binding on all of the Claimants.

### RELEASE OF CLAIMS BY THE REPRESENTATIVE PLAINTIFFS AND CLAIMANTS

51.     In consideration of their eligibility for their Service Award, the Representative Plaintiffs, on behalf of themselves and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby forever releases and discharges the Released Parties from the "Representative Plaintiffs' Released Claims." The "Representative Plaintiffs' Released Claims" means any and all claims, obligations, causes of action, actions, losses, expenses, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to the date that the Court enters the Approval Order, including but not limited to those claims which: (a) were pled in the Action at any time; and/or (b) could have been pled in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of overtime wages, (ii) alleged failure to pay any type of minimum wages, (iii) alleged failure to pay any type of otherwise earned wages (including straight time wages, bonuses, commissions, incentive payments, etc.), (iv) any other alleged federal wage-and-hour violation, (v) any other alleged state wage-and-hour violation; (vi) alleged discrimination, retaliation, harassment, or wrongful discharge, and (v) any statutory, constitutional, regulatory, contractual or common law employment-related claims for wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, attorneys'

DocuSign Envelope ID: A5DDCE9E-DBE4-48AA-99E5-BCEEE70C1974

fees and expenses, litigation costs, restitution, and equitable relief. For the avoidance of doubt, this is a complete and general release of all possible claims to the maximum extent allowed under the law. Representative Plaintiffs' Released claims do not include any workers' compensation claims, claims for unemployment benefits or claims that cannot be released by law.

52.     In consideration for their Settlement Award, Representative Plaintiffs and each Claimant on behalf of themselves and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby forever releases and discharges the Released Parties from the "Released Claims". The "Released Claims" means (a) all claims, obligations, demands, damages, losses, actions, rights, causes of action, costs, expenses and liabilities, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated under applicable federal and state wage and hour laws, including the FLSA, during the Covered Period, that arose from, are based on, or are in any way related or incidental to such individual's employment with Defendant, including those related to payment of minimum or overtime wages, payment for all hours worked, meal and/or rest breaks, keeping records of hours worked or compensation due; (b) all claims for penalties, liquidated damages, punitive damages, special damages, consequential damages, incidental damages, restitution, equitable relief, violations of any other state or local statutory and/or common law related to these claims, interest, attorneys' fees, or litigation expenses under the FLSA and any federal and state wage and hour or wage payment laws based on the claims listed in (a) above; and (c) all claims, causes of action, demands, damages, costs, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses against the Released Parties arising from or related to the Action.

## CONSTRUCTION, INTERPRETATION AND MODIFICATION

53.     This Agreement constitutes the entire agreement between the Parties with respect to the subject matters included in this Agreement and it shall supersede all prior and contemporaneous negotiations between the parties.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for, or against, any party, regardless of who drafted, or who was principally responsible for drafting, this Agreement, or any specific term or condition in this Agreement. The Parties participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, the Parties may not claim any ambiguity in this Agreement should be construed against another.

54.     If there is a conflict between this Agreement and any other document related to this Settlement, the Parties intend for this Agreement to control.

55.     Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms. The Parties agree this Agreement is to be construed according to its terms and it may not be varied, or contradicted, by extrinsic evidence.

56.     This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, and shall be subject to the continuing jurisdiction of the Court.  The Parties agree that if either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred in enforcing the terms and conditions contained herein.

57.     If any provision of this Agreement, except the Release, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable the remaining portions of this Agreement will remain in full force and effect to the extent the effect of this Agreement, as well as the obligations of the Parties, remains materially the same.

58.     This Agreement may not be modified or amended, except in writing, signed by the Parties or their counsel, and as approved by the Court; provided, however, that Plaintiffs' Counsel and Defendant's Counsel may agree in writing on behalf of their respective clients to extend any of the deadlines set forth in this agreement in order to effectuate the settlement.

59.     This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

60.     This Agreement is binding upon, and shall inure to the benefit of, the Parties. Without limiting the foregoing, this Agreement specifically shall inure to the benefit the Released Parties; likewise, this Agreement shall be binding upon the Representative Plaintiffs' and the Claimants' spouses, children, heirs, assigns, administrators, executors, beneficiaries, conservators, successors, and offspring.

## **CONTINUING JURISDICTION**

61.     The Parties agree to move for the Court to retain continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement; to supervise the administration and

distributions from the Global Settlement Fund; and to hear and adjudicate any dispute or litigation arising from, or related to, this Agreement, or issues of law and facts asserted in the Action.

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

| DATED: | DEFENDANT<br><br>_____<br>GEORGE T.  MAIER, STARK COUNTY SHERIFF |
|---|---|

| DATED: | STARK COUNTY BOARD OF COMMISSIONERS<br><br>_____<br>[BILL SMITH]<br><br>_____<br>[JANET WEIR CREIGHTON]<br><br>_____<br>[RICHARD REGULA] |
|---|---|

| DATED: 4/13/2021 | PLAINTIFFS<br><br>_Christy Barker_<br>E6E7F8490A244FD<br>_____<br>CHRISTY BARKER<br><br>_____<br>DEANNA CLAPPER |
|---|---|

distributions from the Global Settlement Fund; and to hear and adjudicate any dispute or litigation arising from, or related to, this Agreement, or issues of law and facts asserted in the Action.

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

| DATED: | DEFENDANT |
|---|---|
| | _____ |
| | GEORGE T.  MAIER, STARK COUNTY SHERIFF |

| DATED: | STARK COUNTY BOARD OF COMMISSIONERS |
|---|---|
| | _____ |
| | [BILL SMITH] |
| | _____ |
| | [JANET WEIR CREIGHTON] |
| | _____ |
| | [RICHARD REGULA] |

| DATED:  4/14/2021 | PLAINTIFFS |
|---|---|
| | _____ |
| | CHRISTY BARKER |
| | *Deanna Clapper* |
| | 010D743A3FBA460... |
| | DEANNA CLAPPER |

distributions from the Global Settlement Fund; and to hear and adjudicate any dispute or litigation arising from, or related to, this Agreement, or issues of law and facts asserted in the Action.

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

| | |
|---|---|
| DATED:<br><br>4-12-21 | DEFENDANT<br><br>_____<br>GEORGE T. MAIER, STARK COUNTY SHERIFF |

| | |
|---|---|
| DATED:<br><br>4-14-21 | STARK COUNTY BOARD OF COMMISSIONERS<br><br>_____<br>[BILL SMITH]<br><br>_____<br>[JANET WEIR CREIGHTON]<br><br>_____<br>[RICHARD REGULA] |

| | |
|---|---|
| DATED: | PLAINTIFFS<br><br>_____<br>CHRISTY BARKER<br><br>_____<br>DEANNA CLAPPER |

Page **18** of 18

EXHIBIT

**A**

## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

*Barker, et al., v. George T. Maier, Stark County Sheriff in his official capacity*, United States District Court for the Northern District of Ohio, Case No. 5:19-cv-00276

**You are receiving this notice because you are a potential member of a collective action lawsuit and eligible to participate in the settlement of that lawsuit. A federal District Court has approved this notice. This is not a solicitation from a lawyer.**

**This notice is being sent to the following: (1) all current and former hourly Corrections Officers employed by Defendant at any time from January 1, 2017 through April 4, 2020; (2) all current and former hourly workers at the Stark County Sheriff's Office who received a Perfect Attendance Bonus at any time from January 1, 2017 through April 4, 2020; and (3) all former and current hourly workers employed at the Stark County Sheriff's Office who received a Medical Opt-Out payment at any time from January 1, 2017 through April 4, 2020. You are receiving this Notice because the Stark County Sheriff's Office records indicate that you fit at least one of these definitions and are therefore an "Eligible Settlement Participant."**

Representative Plaintiffs, Christy Barker and Deanna Clapper, filed this lawsuit against the Stark County Sheriff's Office on February 5, 2019. In the lawsuit, Representative Plaintiffs alleged that the Stark County Sheriff's Office failed to properly compensate Corrections Officers for all hours worked, and that it failed to properly calculate overtime payments for hourly employees who received Perfect Attendance Bonuses and Medical Opt-Out payments. In response to the lawsuit, Defendant denies that it did anything wrong. The Parties have entered into this settlement solely with the intention of avoiding further litigation.

**Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | By returning a properly completed Claim Form and Release you agree to participate in the settlement and will receive a settlement payment. To participate in the settlement, you must return a properly completed Claim Form and Release by [60 days from date of mailing]. If you participate in the settlement, you agree to be bound by the terms of the settlement, including the release of your wage and hour claims. |
| **DO NOT RETURN THE CLAIM FORM** | If you do not wish to participate in the settlement, you should not return the Claim Form and Release. If you do not timely return a properly completed Claim Form and Release by [60 days from date of mailing], you will not receive a settlement payment, you will not be bound by the terms of the settlement, and you will not release any of your potential wage and hour claims. |

BASIC INFORMATION

**1. Why did I get this notice?**

You have received this notice because the Stark County Sheriff's Office records show that you are an Eligible Settlement Participant.

The Court ordered that you be sent this notice because you have a right to know about the settlement of this collective action lawsuit. This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available to you.

The Court overseeing the lawsuit is the United States District Court for the Northern District of Ohio. The lawsuit is known as *Barker, et al., v. George T. Maier, Stark County Sheriff*, in his official capacity Case No. Case No. 5:19-cv-00276. The individuals who filed the lawsuit, Christy Barker and Deanna Clapper, are called the "Representative Plaintiffs." George T. Maier, in his official capacity as the Stark County Sheriff is referred to as the "Defendant."

**2. What is the lawsuit about?**

This lawsuit is about whether the Stark County Sheriff's office properly compensated Eligible Settlement Participants for overtime.

**3. What is a collective action?**

In a "Collective Action," one or more people called a "Representative Plaintiff" file a lawsuit on behalf of himself or herself and other people who may have similar claims. To be part of the case, those other people are required to affirmatively join the collective action. You can join this collective action and participate in the settlement by properly completing, signing, and returning the enclosed Claim Form and Release. Settlement checks are estimated to be mailed in this case on or around [insert date].

**4. Why is there a settlement?**

The Court did not decide in favor of the Representative Plaintiffs or Defendant and neither side prevailed. The Parties agreed to this settlement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expense.

**5. How do I know if I will be included in the settlement?**

Defendant's records indicate that you are an Eligible Settlement Participant. Therefore, you will be included in the settlement and receive a settlement check if you properly complete, sign, and return the enclosed Claim Form and Release by [date 60 days from mailing of Notice].

## 7.  What does the settlement provide?

Defendant has agreed to pay a total of $106,000.00.  This amount includes Representative Plaintiffs' attorneys' fees and costs, a $2,500.00 service award for each of the Representative Plaintiffs, and settlement payments to current and former employees that participate in the settlement.

## 8.  How will my payment be calculated?

Settlement payments to those who participate in the settlement will be calculated based on a formula that has been approved by the Court as a fair and reasonable.  Specifically, your settlement payment is your *pro rata* share of the Net Settlement Fund based on the number of workweeks you worked during the between January 1, 2017 and [date of court approval] when compared with the workweeks worked by other Eligible Settlement Participants.

Based on this formula, you are estimated to receive approximately $_____, half of which is subject to deductions for applicable taxes and withholdings, and for which you will receive an IRS Form W-2; and half of which will be reported on an IRS Form 1099.

## 9.  How can I get my payment?

To get your payment, you must fully complete the enclosed Claim Form and Release and mail it to the Claims Administrator in the enclosed envelope postmarked no later than [60 days from date of mailing].  You may also e-mail or fax the Claim Form and Release to the Settlement Claims Administrator, so that it is received no later than [60 days from date of mailing].  The Settlement Claims Administrator's complete contact information is:

[Claims Administrator to insert]

## 10.  When will I get my payment?

You will be sent a check within on or around [insert check mailing date].  Please be patient.

**Checks will become null and void after 180 days of their issuance.**

## 11.  What am I giving up if I sign the Claim Form and Release to get a payment?

By returning the Claim Form and Release, you cannot sue, continue to sue, or be a party in any other lawsuit against Defendant relating to the claims at issue in this case during the time period covered by the Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.

## 12.  Do I have a lawyer in this case?

Upon signing and returning the Claim Form and Release, you will be consenting to join this case, you will designate the law firm of Nilges Draher LLC to represent you. These lawyers are called

"Representative Plaintiffs' Counsel." You can find more information about Representative Plaintiffs' Counsel at http://www.ohlaborlaw.com/.

## 13.  How will the lawyers be paid?

The Court has approved payment of $35,333.33 for attorneys' fees, plus $8,866.90 in attorneys' actual out-of-pocket costs.

## 14.  How do I get more information?

If you have other questions about the settlement, you can contact Representative Plaintiffs' Counsel at the telephone number or email below.

Christopher J. Lalak
**Nilges Draher LLC**
(234) 401-9089

DATED: _____, 2021

*Barker, et al., v. George T. Maier, Stark County Sheriff, in his official capacity*

United States District Court for the Northern District of Ohio

Case No. 5:19-cv-00276

[NAME]
[ADDRESS]
[ADDRESS]

## CLAIM FORM AND RELEASE INSTRUCTIONS

**In order to receive any portion of the settlement funds described in the Notice of Settlement, you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator postmarked by the** _____ **2021**

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator.  Please make sure to notify the Settlement Claims Administrator of any change of address.

Settlement Claims Administrator
[Name]
[Address]
[Address]
[Phone]

*[DATE].*

<u>**CLAIM FORM AND RELEASE**</u>

***THIS FORM MUST BE POST-MARKED OR OTHERWISE SUBMITTED TO THE SETTLEMENT CLAIMS ADMINISTRATOR NO LATER THAN <mark>[DATE]</mark>.***

## I.  CONSENT TO JOIN

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and related state laws.  Pursuant to 29 U.S.C. § 216(b), I hereby consent and agree to join the case of *Barker, et al., v. George T. Maier, Stark County Sheriff*, in his official capacity, United States District Court for the Northern District of Ohio, Case No. 5:19-cv-00276 (the "Action").  I consent and agree to be bound by any action by the Court.  I further agree that the Representative Plaintiffs in the Action shall act as my agents and make all decisions on my behalf concerning the Action, including the settlement thereof.

I hereby designate the law firm of Nilges Draher LLC to represent me in this action.

## II.  RELEASE

My signature below constitutes a full and complete release and discharge of George T. Maier, in his official capacity as Stark County Sheriff, George T. Maier in his individual capacity, the Stark County Sheriff's Office, Stark County, Ohio, and the Stark County Board of County Commissioners, along with all of their respective officers, directors, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates thereof, and otherwise related entities and any other persons acting by, through, under, or in concert with, any of these persons or entities, and their successors and heirs ("Released Parties") by me and by my respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, from all claims, obligations, demands, damages, losses, actions, rights, causes of action, costs, expenses and liabilities, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated under applicable federal and state wage and hour laws, including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., during the Covered Period (from January 1, 2017 through <mark>[date of Approval Order]</mark>), that arose from, are based on, or are in any way related or incidental to my employment with Defendant, including those related to payment of minimum or overtime wages, payment for all hours worked, meal and/or rest breaks, keeping records of hours worked or compensation due; all claims for penalties, liquidated damages, punitive damages, special damages, consequential damages, incidental damages, restitution, equitable relief, violations of any other state or local statutory and/or common law related to these claims, interest, attorneys' fees, or litigation expenses under the FLSA and any federal and state wage and hour or wage payment laws based on the claims listed in (a) above; and all claims, causes of action, demands, damages, costs, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses against the Released Parties arising from or related to the Action, including, but not limited to, in relation to any inquiry, investigation, research, retention and fees and costs for experts, settlement discussions they conducted, drafting of the Complaint and other pleadings, motions and Court filings, Court appearances, and all actions required to complete the settlement of this matter.

_____          _____
Full Legal Name (print)                               Signature

_____          _____
Maiden or other names worked under            Street Address

_____          _____
E-mail Address                                        City, State and Zip Code

_____
Telephone Number

*Barker, et al., v. George T. Maier, Stark County Sheriff, in his Official Capacity*
N.D. Ohio Case No. 5:19-cv-00276

**COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE**

**EXHIBIT B**
**List of Eligible Settlement Participants**

ABATANGELO, RICHARD
ADKINS, TIFFANY A
ADKINS, TYLER
ADY, CHARLES
ALBRECHT, MICHELLE
ALTIERI, STEPHEN R
ANGELO, ANTHONY P
ANTENORA, DOMINIC J
ARDMAN, RICHARD
ARNOLD, PATRICK
BAAD, DARIN
BAKER, ANDREA J
BAKER, JAMES A
BARBER, JON S
BARKER, CHRISTY
BEACH, MICHAEL
BEGUE, JEFFREY
BETZ, DENNIS
BETZ, EVAN J
BILES, RICHARD
BLANC, JARROD
BOETTLER, RYAN
BOGGS, PAUL R
BOGGS, RACHELLE M
BOGUNOVICH, MELISSA
BOLGIANO, ADAM M
BOREMAN, JEREMY M
BOSNYAK, ROBERT A
BOWEN, TIMOTHY C
BOXDALE, RUPA A
BOYLE, JAMES
BOYLE, KAREN
BRINK, MARK D
BRINKMAN, TERRY
BROWN, MICHELLE R
BROWN, PAUL
BROWN, TERRENCE L
BUENO, LIRYS C

EXHIBIT B | List of Eligible Settlement Participants

BURNS, DONALD
BURNS, SHANE
BURRESS, BRYAN
BUTTERFIELD, SCOTT L
CALDWELL, SCOTT
CALLOWAY, MELISSA R
CAMPBELL, LORI
CARNAHAN, CHAD D
CARREON, NICHOLAS
CARRUTHERS, CHAD
CARTER, JOHN
CARTER, JORDAN A
CARVER, RYAN
CAUDLE, SAMUEL W
CERVENI, KRISTA D
CHADDOCK, SAMANTHA D
CHANGET, ERIC
CHRISTY, MARISA I
CLAPPER, DEANNA
CLINE, CHANE
COLLINS, MICHAEL
CONLON, CYNTHIA
CONNELLY, CHRISTOPHER
CONNON, LEE D
COOK, THOMAS
CORDEA, TAYLOR D
CORRIGAN, ROBERT
CROUCH, JOSHUA L
CUDZILO, LEANA M
CURRY, TERRY
CUTTING, DONALD E
DAVIS, AMBER D
DAVIS, ETHAN J
DAVIS, MICHAEL
DAVIS, RYLEAH N
DAVIS, ZACHARY J
DAVISSON, THOMAS
DAWSON, KYLE I
DEL VECCHIO, RICHARD C
DETCHON, ROBERT
DIMAURO, ANTONIO M
DIXON, JILLIAN A
DOMENGET, JESSICA A
DOUGLAS, FRANK

EXHIBIT B | List of Eligible Settlement Participants

DOWNS, BRANDON
DUGAN, JENA M
DUHAMEL, TERESA
EARNSBERGER, ALEX R
EATON, JOHN
EBERLY, BRITTANY
EBERLY, TIMOTHY
EGGAN, EDWARD L
ELLIOTT, WAYNE T
ELUM, MARGARET R
EMERY JR, HARVEY
EMERY SR, HARVEY
ENRICO, ROBERT J
EVANOFF, KEITH
FEHN, HEATH
FISHER, DANIELLE S
FISHER, MARY
FLARIDA, CODY S
FLOWERS, ANDREW
FLOWERS, JESSICA
GAMBLE, DESHAE M
GARDINER, LAWRENCE
GELTZ, COREY S
GEORGE, DENISE
GEORGE, SHARON
GILL, BRITNY L
GILLIS, DEBRA J
GILPIN, ALYSSA
GORBY, DARYL D
GREEN, BRADLEY D
GREENAWALT, DYLAN M
GREENE, MICHAEL J
GREENE, REBECCA
GREISSING, MICHAEL D
GRIER, GARRETT J
GRIFFITH, BRITTNIE E
GULLING, LAURA
GURLEA JR, RICHARD
HALL, CLIFFORD
HALL, JENNIFER L
HALLOCK, DUSTIN
HARPER-MUTLAQ, PATRICIA
HARPSTER, DONALD C
HARTMAN, RYAN G

EXHIBIT B | List of Eligible Settlement Participants

HAWKER, REBECCA
HAWKINS, GREGORY
HAYWOOD, VINCENT P
HEATH, TRISTAN A
HEGGY, TINA M
HEITHOFF, RICK
HENDERSON, MARK
HENNEBERT, TAYLOR R
HESS, TESSA M
HESSON, PAUL M
HEWITT JR., JACK
HEWITT, MATTHEW A
HILL, JOSEPH
HILLER, HALEY M
HMIEL, KELLY E
HOFFMAN, BROOKE A
HOFFMAN, SHELLEY
HOLMES, JUSTIN
HOOD, MARK
HOSKIN, MEGAN
HOSTETLER, BRITTANY
HOSTETLER, RYAN
HOSTETLER, TIMOTHY
HOUSE, D'METRE T
HUFF, SHIRLEY
HUMES, SHERRI L
HUMRICHOUSER, KENT A
HUTCHINGS, DAVID
HUTH, AMANDA L
HUTH, KEVIN
INDORF JR, RAYMOND
JACKSON, LAURICE
JOHNSON, BRYAN
JONES, KRISTEN
JONES, RYAN H
JONES, WILLIAM R
JUSTICE, NICHOLE E
KENNEDY, CRAIG
KIEFFER, AUDREY M
KINSEY, GREGORY
KINZLER, MICHELLE L
KIRK, BETHANY A
KIRVEN, NICHOLAS B
KLOTZ, JAN

EXHIBIT B | List of Eligible Settlement Participants

KNAM, ADAM
KONIC JR, WILLIAM
KRATZ, BRITTNEY N
KUVEIKIS, FRANCIS P
LANIER, MICKEY T
LANZER, MICHAEL
LARGE, THERESA
LARSEN, JACOB E
LARSON, JORDAN M
LATTEA, MICHAEL
LAZAR, BEVERLY A
LEASURE, JUSTIN P
LEGGETT, JEFFREY
LEIGHT, FRED
LEWITZKE, ANTHONY
LITTLE, DEREK
LONG, SETH R
LOOMIS, MELISSA K
LOY, DERRICK E
LUCAS, JEREMIE E
LYONS, MARK
MACHAMER, JULIA
MACRIS, GEORGE
MANSER, BRYAN
MARKLEY IV, JOHN W
MARSHALL, CORY B
MARTIN, TENONNIE S
MASKALUK, MARK
MASTERS, JEFFREY
MAYLE, MICHAEL
MCALLISTER, MKAYLA V
MCCOLLISTER, JEFFERY
MCCOY, TODD
MCGILL, KEITH L
MCGUIRE, ROBERT J
MCKAY, DAVID
MCKINNEY, JESSICA G
MCMILLEN, JASON E
MEESE, MEGAN M
MERCIER, BRADLEY J
MIHALTEANU, ROMULUS
MILLER, ANGELA
MILLER, MICHAEL
MILLER, STEVEN

EXHIBIT B | List of Eligible Settlement Participants

MILLER, TYLER M
MILLHORN, MORGAN P
MOGA, ALIN C
MOLDOVAN, ANTHONY N
MOMIROV, BRANDON L
MURRAY, JONATHAN
MYERS, DAVID
NEADING, CHRISTINA
NEWELL, CHASE I
NEWHOUSE, BRITTANY K
NEWMAN, CHRISTOPHER
NICHOLSON, TALISA
NICOL, DIANE
NOVELLI, JEREMY
OLIVER III, JOHN
OUSLEY, KRISTOPHER
OXLEY, LOUIS R
PACKER, AMY E
PANDREA, KEITH
PARIS, CHRISTIAN M
PATTERSON, JILL
PAUL, HOLLY
PAULEN, MITCHELL R
PELLEGRINO, ANTHONY
PENROD, JORDAN S
PEREZ, LYNNE
PERRY, MASON J
PETAROS, DION
PILEGGI, SILVIO
PITTMAN, BRIAN
PITTS, ROBERT E
PRICE, JAMIE S
PRUSACIK, DENISE
RABER, ALAN F
RAMSEY, CASSANDRA S
REDENBACK, HARVEY D
REESE, LORI
RICCIO, DANIEL L
RICKETSON, ABBIE E
RICKETSON, LAURENCE L
RININGER, KAITLIN N
ROBERTSON, CHERYL
ROBINSON, QUENTIN
ROBSON, TRACY

EXHIBIT B | List of Eligible Settlement Participants

ROHR, JACOB P
ROHR, JASON
ROSE, MONICA A
ROSS, ROCCO
RUBY, THERESA
RYDER, INGER
SAEGER, JESSICA
SALLMEN JR, FRED
SANDERS, KIMBERLY S
SAUSMAN, KEATON M
SAYRE, TIMOTHY
SCOTT, ROBERT J
SEAMAN, MICHAEL
SEDLACKO, PHILIP M
SEES-CANTRELL, DEBBIE K
SEIFER, RICKY D
SHUE, HAILEY M
SIMEK, SHANE
SKELLEY, JASON
SLANKARD, MICHAELA N
SLUGA, JOHN A
SMITH, CHAD
SMITH, LAWRENCE J
SMITH, MICHAEL P
SNYDER, SUZANNE R
SPIVEY, MICHAEL J
SPRINGER JR, RONALD
STANSBERRY, JOSHUA
STANTZ JR., CHARLES
STARKEY, ALEX C
STAUFFER, RICHARD
STEPHEY, JOSEPH A
STEVENSON, KEVIN
STEVIC, JAMES
STOTLER, CHRISTOPHER J
STRATOS, SARAH T
SUAREZ, MEGAN L
TALBERT JR, RICHARD
TALBERT, STEPHANIE E
TATE, JACOB M
TEDRICK, DENIECE L
TEDRICK, JAMES
THOMAS, NATHAN D
THOMPSON, DANNY

EXHIBIT B | List of Eligible Settlement Participants

TOHILL, PATRICK A
TOTARO, SETH
TYSON JR, ALLEN
URBACH, CHEYENNE K
VACHA, JOSHUA
VANCAMP, CHARLES
VARKONY, FRANCES K
VAUGHN, MICHAEL S
VEGA, GABRIELE
VONSPIEGEL, JOHN
VORNDRAN, JACK T
VOVK, YURI
WALKER, JESSICA
WALTZ, MICHAEL
WEDMAN, DOUGLAS
WEISBURN, ERIC
WELLS, J'MON D
WERTZ, JEREMY
WHITE, DAVID
WHITE, HILARY R
WHITE, WILLIAM
WIESEN, CARRIE P
WIGFIELD, MARY
WILCZEWSKI, JENNIFER N
WILLIAMS, PATRICIA
WILSON, THERESA
WINDELL, CECILIA K
WISELKA, CHERYL
WOODS, AARON
WORKINGER, LORI A
XELOURES, SUZANNE P
YADRNAK, ZACHARY
YAN, JUN
ZEHNDER, ROBERT
ZELLERS, JOHN L
ZIMMERLY, JACK D
ZWIERLEIN, AMANDA L

*Barker, et al., v. George T. Maier, Stark County Sheriff, in his Official Capacity*
N.D. Ohio Case No. 5:19-cv-00276

**COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE**

**EXHIBIT C**
**List of Opt-In Plaintiffs**

| LAST NAME | FIRST NAME |
| --- | --- |
| Ardman | John |
| Barker | Christy |
| Clapper | Deanna |
| Long | Seth |
| Ramsey | Cassandra |
| Zehnder | Robert |